UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCUS SHAROD RAND,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN J. FIKES, *or Acting Warden, FCI Standstone,*<br><br>Defendant. | Crim. No. 21-1276 (JRT/JFD)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Marcus Sharod Rand, Reg. No. 16106-040, FCI-Sandstone, Unit H, P.O. Box 1000, Sandstone, MN 55072, *pro se* plaintiff.

Ana H. Voss, Chad A. Blumenfield, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant.

On September 13, 2021, Magistrate Judge John Docherty issued a Report and Recommendation ("R&R") recommending that Plaintiff Marcus Sharod Rand's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be denied because it is not ripe for adjudication. Rand objects to the Magistrate Judge's recommendation. Because Congress gave the Bureau of Prisons ("BOP") discretion under 18 U.S.C. § 3621(h)(4) to award earned time credits ("ETCs") during the two-year "phase-in" period of the First Step Act ("FSA") and because the BOP has stated it will not award ETCs until the mandatory deadline of January 15, 2022, Rand's Petition is premature, and therefore his claim is not

1

ripe. Thus, the Court will overrule Rand's objections, adopt the R&R, and deny his Petition.

Rand was convicted on April 9, 2012 in the Western District of Michigan for Possession of Cocaine Base with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). (Decl. of Derrick Lee-Lo ("Lee-Lo Decl."), Ex. A at 2, June 7, 2021, Docket No. 10.) Rand was sentenced to 151 months and is currently incarcerated at FCI Sandstone. (*Id.* at 2.) Based on his good conduct, Rand has a projected release date of July 26, 2022. (Lee-Lo Decl. at 1.)

Rand contends that he is entitled to an earlier release based on the ETCs he has accumulated under the FSA. (Pet. Writ. Habeas Corpus, at 16, May 24, 2021, Docket No. 1.) He claims he is entitled to a 180-day sentence reduction based on his participation in prison programming and work at a prison job. (*Id.* at ¶¶ 9–14.) The BOP has refused to award Rand any of his ETCs, stating that they will not award ETCs under the FSA prior to the deadline set forth in the statute, January 15, 2022. (Resp. Pet. Writ Habeas Corpus, at 14–19, June 7, 2021, Docket No. 9.) Defendant states that this is a proper exercise of BOP's discretion under the FSA. (*Id.*) Furthermore, on the merits of Rand's claim, Defendant argues Rand is entitled to less than a day of ETCs because the BOP only awards ETCs for completion of evidence-based recidivism reduction ("EBRR") programming, not for working at a prison job. (*Id.* at 19–20.) Rand maintains that the BOP is wrongly interpreting the FSA in waiting to award his ETCs; that the BOP is wrongly limiting the

award of ETCs only to programing assigned by the BOP; and that the BOP's requirement that eight hours equals one workday is unreasonable considering the realities of prison life. (Pet. at 16, 24, 31.)

The Magistrate Judge recommended that Rand's Petition be denied because it is not ripe and thus does not present a case or controversy under Article III of the Constitution. (R&R at 1.) Rand objects to the Magistrate Judge's R&R, arguing that the Magistrate Judge erred in denying the Petition as unripe and in not considering the merits of his arguments. (Obj. to R&R, Sept. 27, 2021, Docket No. 23.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II. ANALYSIS

The FSA was signed into law on December 21, 2018 bringing with it a slew of sentencing and penological reforms, including a reduction of sentences for certain federal inmates through the accrual of ETCs. Under the FSA, an eligible prisoner "who successfully completes EBRR programming or productive activities . . . shall earn 10 days of time credits for every 30 days of successful participation[.]" 18 U.S.C. § 3632(d)(4).

The FSA provides for gradual implementation of programs through which federal prisoners would be able to accumulate ETCs. First, not later than 210 days after enactment, the Attorney General was required to develop and publicly release a risk and needs assessment system (the "System") which would determine the recidivism risk of each prisoner and the amount and type of EBRR programming that was appropriate. 18 U.S.C. § 3632(a). Within 180 days of the release of the System the BOP was required to complete an initial risk and needs assessment for every prisoner. 18 U.S.C. § 3621(h)(1). The FSA then provides for a "phase-in" period where the BOP was mandated to "provide such evidence-based recidivism reduction programs and productive activities for all prisoners before the date that is 2 years after the date on which the Bureau of Prisons completes a risk and needs assessment for each prisoner." 18 U.S.C. § 3621(h)(2)(A). That date is January 15, 2022. During the "phase-in" period, the BOP was to prioritize EBRR programs and activities for prisoners based on their proximity to their release date. 18 U.S.C. § 3621(h)(3). The FSA provided for a preliminary expansion of the EBRR programs,

4

stating that beginning on December 21, 2018, the BOP "**may** begin to expand any evidence-based recidivism reduction programs and productive activities . . . and **may** offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D."  18 U.S.C. § 3621(h)(4) (emphasis added).

The BOP in exercising its discretion granted under § 3621(h)(4) has determined not to award any ETCs until January 15, 2022.  Defendant asserts that Congress has granted the BOP discretion to employ or delay incentives during this "phase-in" period.  Rand challenges this exercise of discretion claiming it is contrary to the statute.  He is not alone in his challenge to the BOP's decision.  Several courts across the nation have considered the extent of the BOP's authority to delay implementation of the FSA's ETCs program during the "phase-in" period.

Nearly every court to address this issue has held that Congress gave the BOP discretionary power to award ETCs during the "phase-in" period because the statute contains the word "may" rather than "shall."  *See, e.g., Holt v. Warden*, No. 20-cv-4064, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021) ("[T]he language Congress chose gives the BOP discretion to determine whether to implement the incentives component during the phase-in period.").[1]  As a general rule of statutory construction, "may" is permissive,

---

[1] *See also Cohen v. United States*, No. 20-cv-10833, 2021 WL 1549917, at *2 (S.D.N.Y. Apr. 20, 2021) ("[T]he statute does not require the BOP to begin awarding ETCs during the phase-in period."); *Depoister v. Birkholz*, No. 21-cv-684 (ECT/BRT), 2021 WL 3492295, at *8 (D. Minn. Aug. 9, 2021) ("[T]he First Step Act leaves the BOP discretion to apply earned time credits until expiration of the First Act's two year phase-in period[.]"); *Prince v. Fikes*, No. 21-cv-643 (MJD/BRT), 2021 WL 2942311, at *2 (D. Minn. June 16, 2021) ("[T]he First Step Act does not

generally implying some degree of discretion, whereas "shall" is mandatory. *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947); *United States v. Rogers*, 461 U.S. 677, 706 (1983).  The Court cannot read the word "may" in § 3621(h)(4) to mean "shall" when Congress used "shall" throughout the same subsection to mandate action.  Had Congress wanted to require immediate implementation of § 3621(h)(4) it would have used "shall" not "may".

Two other courts have reached contrary conclusions.  In *Goodman v. Ortiz*, the court held that the statute "does not explicitly provide a date when the BOP must apply a prisoner's earned credits from participation in recidivism reduction programs."  No. 20-cv-7582, 2020 WL 5015613, at *6 (D.N.J. Aug. 25, 2020).  But, relying upon the ordinary meaning of "phase-in" and the FSA's statutory framework, the court held that the "BOP must gradually implement the risk recidivism program, including the priority application of incentives to prisoners who release dates are nearer."  *Id.* Thus, the court concluded that there was no reason for the BOP to delay applying incentives earned by prisoners during the phase in program and held that the prisoner was entitled to habeas relief.  *Id.* While the Court agrees with the *Goodman* court that the statutory text presumes the BOP will use its discretion to apply the provisions as early as possible, the Court is not in the position to conclude, contrary to the statutory language, that the BOP is required to

---

mandate actual implementation until January 2022[.]"); *Kennedy-Robey v. FCI-Pekin,* No. 20-cv-1371, 2021 WL 797516, at *2 (C.D. Ill. Mar. 2, 2021) ("The use of the word 'may' indicates that, while it is permissible for the BOP to award time credits under the statute at any time after the date of enactment, the BOP is not required to do so."); *Llewlyn v. Johns*, No. 20-cv-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021) ("[T]he First Step Act does not require actual implementation for each inmate until January 15, 2022[.]").

phase-in the incentives prior to the date codified in the statute. Therefore, the Court cannot hold that the BOP's exercise of discretion here is invalid or contrary to the statutory language. Had Congress wanted to require the BOP to apply incentives at an earlier date than January 15, 2022, it would have said so.

The reasoning in *O'Bryan v. Cox*, is equally unpersuasive. No. 21-cv-4052, 2021 WL 3932275 (D.S.D. Sept. 1, 2021). In *O'Bryan*, the court held that "the permissive 'may' in each instance [of 18 U.S.C. § 3621(h)(4)] only refers to programs that were in existence at the date of enactment" and therefore the second "may" only grants the BOP discretion to award ETCs for the programs and activities that existed at the time of the enactment. *Id.* at *2. The *O'Bryan* court held that any interpretation to the contrary would "mean that after January 15, 2022, the BOP could refuse to honor time credits." *Id.* Therefore, the *O'Bryan* court concluded that § 3621(h)(4) cannot "be broadly applied to say that the BOP has, discretion to not allow time credits either accrued after enactment of FSA to January 15, 2022 or any time after that." *Id.*

The Court cannot agree with the conclusion reached by the *O'Bryan* court. That court's reading of the statute would result in the BOP having discretion at any point, well past January 15, 2022, to refuse to award ETCs for completion of any EBRR program or activity that existed at the time of enactment. Such a broad restriction on incentives is not supported by the statutory framework or Congress' purpose. Section 3621(h)(4) falls under the heading "Implementation of risk and needs assessment system" and is titled

7

"Preliminary expansion of evidence-based recidivism reduction programs and authority to use incentives." Where § 3621(h)(4) was placed in the statute clearly evidences that Congress intended § 3621(h)(4) to apply only during the "phase-in" period. The discretion granted to the BOP to begin expanding the EBRR programs and awarding incentives was included in § 3621(h)(4) to encourage the BOP to begin phasing in the FSA sooner rather than later. But Congress enacted a hard deadline (January 15, 2022), by which the BOP was required to have established EBRR programs and activities and begin awarding ETCs to prisoners. 18 U.S.C. § 3621(h)(2). Thus, § 3621(h)(4) has no relevance past January 15, 2022.

Furthermore, Congress' purpose was to provide "incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs" to reduce the risk of recidivism. 18. U.S.C. § 3632(d); H.R. Rep. No. 115-699, at 22 (2018). Giving the BOP unfettered discretion to refuse to award ETCs for completion of an EBRR program or activity simply because it existed prior to the enactment of the FSA would carve out a significant loophole in the statute, undermining Congress' purpose in passing the FSA and contradicting the unambiguous statutory language.

The Court agrees with the concerns expressed by numerous other courts that BOP's delay in awarding ETCs is "evading the spirit of a phase-in of FSA earned time credits." *Holt*, 2021 WL 1925503, at *5. The BOP has provided no explanation for the delay and the Court sees no reason why the BOP cannot begin awarding ETCs prior to January 15,

8

2022. While the BOP's decision is perplexing and contrary to the purpose of the First Step Act, the statutory language clearly grants them this discretion. Therefore, the Court agrees with the majority of other courts that have addressed this issue. Because Congress gave BOP discretion to wait to fully implement the FSA until January 15, 2022 and in exercising that discretion the BOP has stated it will not award ETCs until that date, Rand's claims are premature and his Petition must be denied.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Rand's Objection to the Report and Recommendation [Docket No. 23] is **OVERRULED;**

2. The Magistrate Judge's September 13, 2021 Report and Recommendation [Docket No. 22] is **ADOPTED;**

3. Rand's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 29, 2021  
at Minneapolis, Minnesota.

                                                 JOHN R. TUNHEIM  
                                                    Chief Judge  
                                      United States District Court